UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

KYLE J. SCHIEBERT and KYLIE M. BROWN,

    Plaintiffs,

v.

HUNTER WARFIELD INC.,

    Defendant.

Case No. 1:20-cv-01042

## COMPLAINT

NOW COME KYLE J. SCHIEBERT and KYLIE M. BROWN, through undersigned counsel, SULAIMAN LAW GROUP, LTD., complaining of Defendant, HUNTER WARFIELD INC., as follows:

## NATURE OF THE ACTION

1. This action is seeking damages for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. KYLE J. SCHIEBERT and KYLIE M. BROWN ("Kyle" individually, "Kylie" individually, the "Plaintiffs" collectively) are natural persons, over 18-years-of-age, who at all times relevant resided in Fairbury, Illinois.

5. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

1

6. Plaintiffs are "persons" as defined by 47 U.S.C. § 153(39).

7. HUNTER WARFIELD INC. ("Defendant") is a corporation organized under the laws of Maryland.

8. Defendant has its principal place of business at 4620 Woodland Corporate Boulevard, Tampa, Florida 33614.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of Defendant's business is the collection of debt.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

11. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

12. At all times relevant, Kyle was the sole operator, possessor, and subscriber of the cellular telephone number ending in 5185.

13. At all times relevant, Kyle's number ending in 5185 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

14. At all times relevant, Kyle was financially responsible for his cellular telephone equipment and services.

15. At all times relevant, Kylie was the sole operator, possessor, and subscriber of the cellular telephone numbers ending in 0310 and 5254.

16. At all times relevant, Kylie's numbers ending in 0310 and 5254 were assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

17. At all times relevant, Kylie was financially responsible for her cellular telephone equipment and services.

18. Plaintiffs entered into a lease with Town & County Apartments.

19. Plaintiffs were forced to terminate their lease early.

20. Plaintiffs left an estimated $3,200.00 balance after their security deposit was applied to the balance.

21. Plaintiffs' $3,200.00 balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

22. Plaintiffs' account was referred for collection.

23. Before long, Plaintiffs started to receive phone calls from Defendant.

24. On multiple occasions, Plaintiffs answered.

25. Each time, Plaintiffs were greeted with clear pause prior to being connected to Defendant's representative.

26. On multiple occasions, Kyle sought to explain Plaintiffs' financial situation to no avail.

27. Once, Kyle offered monthly payments of $50.00.

28. Defendant did not accept Kyle's offer.

29. Defendant countered with monthly payments of $200.00 until Plaintiffs' balance is paid in full.

30. Plaintiffs were unable to afford this amount.

31. On numerous occasions, Plaintiffs each told Defendant to stop calling.

32. Sadly, these phone calls continued.

33. In summer months of 2018, Kylie's number changed.

34. Despite her number change, Kylie still receives phone calls from Defendant.

35. Because of financial hardship, Plaintiffs recently moved in to their friends' home.

36. Soon thereafter, Plaintiffs' friends started to receive phone calls on Plaintiffs' friends' landline.

37. On multiple occasions, Plaintiffs each told Defendant that this landline was not theirs.

38. On multiple occasions, Plaintiff pled with Defendant to stop calling Plaintiffs' friends.

39. Nonetheless, Plaintiffs' friends received phone calls on:

> December 23, 2019 at 9:20 AM
> December 24, 2019 at 8:12 PM
> December 26, 2019 at 8:57 AM
> December 27, 2019 at 9:10 AM
> December 28, 2019 at 9:40 AM
> December 28, 2019 at 10:22 AM
> December 30, 2019 at 11:06 AM
> December 31, 2019 at 9:44 AM
> January 3, 2020 at 2:27 PM
> January 4, 2019 at 3:17 PM
> January 6, 2020 at 3:21 PM
> January 7, 2020 at 10:56 PM
> January 8, 2020 at 12:30 PM
> January 9, 2020 at 11:10 AM
> January 15, 2020 at 12:31 PM
> January 22, 2020 at 1:02 PM

40. Weeks ago, Defendant informed Kyle that without suitable arrangements, Defendant will be initiating collection proceedings.

41. Once more, Kyle informed Defendant of Plaintiffs' financial situation; that they were unable to afford $200.00 monthly payments; then told them stop calling.

42. All in all, Plaintiffs received no less than 100 *unwanted, unauthorized, unconsented-to* phone calls from numbers leading back to Defendant – including, but not limited to: (813) 283-4002; (813) 283-4017; (813) 283-4549; (813) 283-4550; (844) 440-2807; and (866) 494-9902.

43. On January 21, 2020, Kylie answered Defendant's call.

44. Notably, Defendant *failed to disclose* that "[t]his communication is from a debt collector."

45. Instead, Defendant immediately told Kylie that payments (or arrangements) need to be made.

46. Once more, Kylie told Defendant to stop calling.

47. Defendant's phone calls resulted in aggravation that accompanies unwanted, unauthorized, unconsented-to phone calls, anxiety, diminished value and utility of telephone equipment and telephone subscription services, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, intrusion upon and occupation of Plaintiff's cellular telephone capacity, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services, and wasting Plaintiff's time.

48. Concerned with having had their rights violated, Plaintiffs sought counsel to ensure that Defendant's unlawful collection practices stopped.

49. Accordingly, Plaintiffs are forced to expend energy and time consulting with attorneys as direct result of Defendant's unlawful collection practices.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

50. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation of 15 U.S.C. § 1692b

51. Section 1692b provides:

Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall –

> (3) not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information;

15 U.S.C. § 1692b(3).

52. Defendant violated 15 U.S.C. § 1692b(3) by communicating with Plaintiffs' friends more than once.

### Violation(s) of 15 U.S.C. § 1692d

53. Section 1692d provides:

[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

15 U.S.C. § 1692d(5).

54. Defendant violated 15 U.S.C. § 1692d(5) by continuously or repeatedly calling Plaintiffs despite Plaintiffs' multiple request(s) that Defendant stop calling.

55. Defendant violated 15 U.S.C. § 1692d(5) by continuously or repeatedly calling Plaintiffs' friends despite Plaintiffs' multiple request(s) that they stop.

56. Defendant's behavior of continuously or repeatedly calling Plaintiffs (and Plaintiffs' friends) was abusive, harassing, and oppressive.

## Violation of 15 U.S.C. § 1692e

57. Section 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.
>
> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, ***and the failure to disclose in subsequent communications that the communication is from a debt collector***, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15 U.S.C. § 1692e(11).

58. Plaintiffs may enforce the provisions of 15 U.S.C. § 1692b(3), d(5) and e(11) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiffs request the following relief:

A. a finding that Defendant violated 15 U.S.C. § 1692b(3), d(5) and e(11);

B. an award of any actual damages sustained by Plaintiffs as a result of Defendant's violation(s);

C.  an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.  an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E.  an award of such other relief as this Court deems just and proper.

## COUNT II:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)

59. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

60. Defendant placed or caused to be placed non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiffs' cellular telephones utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiffs' consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

61. Upon information and belief, based on the "clear pause" Plaintiffs experienced, Defendant employed an ATDS to place calls to Plaintiffs' cellular telephone.

62. Upon information and belief, the ATDS employed by Defendant transfers the call to a live representative once a human voice is detected, hence the clear pause.

63. Upon information and belief, the ATDS employed by Defendant has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

64. Upon information and belief, Defendant acted through its agents, employees, and/or representatives at all times relevant.

65. As a result of Defendant's violations of 47 U.S.C. §227 (b)(1)(A)(iii). Plaintiffs are entitled to receive $500.00 in damages for each violation.

66. As a result of Defendant's *knowing and willful violations* of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiffs are entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiffs requests the following relief:

A. a finding that Defendant violated 47 U.S.C. § 227 *et seq.*;

B. an award of statutory damages of at least $500.00 for each and every violation;

C. an award of treble damages of up to $1,500.00 for each and every violation; and

D. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury of any and all issues in this action so triable of right.

DATED: January 30, 2020　　　　　　　　　　　　Respectfully submitted,

**KYLE J. SCHIEBERT and
KYLIE M. BROWN**

By: */s/ Joseph S. Davidson*

Mohammed O. Badwan
Joseph S. Davidson
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
mbadwan@sulaimanlaw.com
jdavidson@sulaimanlaw.com